1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KEVIN AUGUSTINE,

11            Plaintiff,                        No. CIV-03-1319 GEB KJM P

12        vs.

13   JEFF NEVES, et al.,

14            Defendants.              ORDER

15   _____/

16           Plaintiff is a state prison inmate proceeding pro se with a civil rights action under

17   42 U.S.C. § 1983.  He has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20           Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22           Plaintiff is required to pay the statutory filing fee of $150.00 in effect at the time

23   of the filing of this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of

24   $8.00 will be assessed by this order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will

25   direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

26   and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly

1

1  payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

2  account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court

3  each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28

4  U.S.C. § 1915(b)(2).

5          The court is required to screen complaints brought by prisoners seeking relief

6  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

7  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

8  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

9  be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

10  U.S.C. § 1915A(b)(1),(2).

11          A claim is legally frivolous when it lacks an arguable basis either in law or in

12  fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

13  28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.

15  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

16  inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

17  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

18          A complaint, or portion thereof, should only be dismissed for failure to state a

19  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

20  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

21  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

22  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

23  complaint under this standard, the court must accept as true the allegations of the complaint in

24  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

25  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

26  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

1    Plaintiff alleges in part that while he was an inmate at El Dorado County Jail he

2    received inadequate medical care for injuries he suffered in a truck accident and later for an

3    injury to his hand sustained while he was playing basketball.  This portion of the complaint was

4    the subject of Augustine v. Neves, Civ. No. S-03-0990 GEB KJM P, which was dismissed after a

5    determination that he had previously litigated these claims in the El Dorado County Superior

6    Court.  Id., Docket Nos. 38 & 42.  These claims should not be included in any amended

7    complaint.

8    In the fourth claim of the instant complaint, plaintiff also alleges that El Dorado

9    County Jail staff forced him to read aloud from his legal work and "lost" a petition for a writ of

10   habeas corpus he attempted to file in El Dorado County Superior Court, in retaliation for his

11   numerous grievances and lawsuits.  Retaliatory actions taken against a prisoner for exercising his

12   First Amendment rights violate the constitution whether or not the underlying misconduct would

13   establish a constitutional violation.  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

14   In this case, however, plaintiff does not name those responsible for the retaliatory acts.  The

15   complaint must allege in specific terms how each named defendant is involved.  There can be no

16   liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

17   particular defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362

18   (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,

19   743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in

20   civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.

21   1982).

22   In addition, plaintiff is informed that the court cannot refer to a prior pleading in

23   order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

24   amended complaint be complete in itself without reference to any prior pleading.  This is

25   because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

26   Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

3

1  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

2  original complaint, each claim and the involvement of each defendant must be sufficiently

3  alleged.

4      In accordance with the above, IT IS HEREBY ORDERED that:

5      1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

6      2.  Plaintiff is obligated to pay the statutory filing fee of $150.00 for this action.

7  Plaintiff is assessed an initial partial filing fee of $8.00.  All fees shall be collected and paid in

8  accordance with this court's order to the Director of the California Department of Corrections

9  and Rehabilitation filed concurrently herewith.

10      3.  Plaintiff's complaint is dismissed.

11      4.  Plaintiff is granted thirty days from the date of service of this order to file an

12  amended complaint that complies with the requirements of the Civil Rights Act, the Federal

13  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

14  docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file

15  an original and two copies of the amended complaint; failure to file an amended complaint in

16  accordance with this order will result in a recommendation that this action be dismissed.

17  DATED:  November 14, 2006.

18

19      U.S. MAGISTRATE JUDGE

20  2
    augu1319.14

21

22

23

24

25

26

4