|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | IN THE UNITED STATES DISTRICT COURT | |
| 9 | FOR THE EASTERN DISTRICT OF CALIFORNIA | |
| 10 | KEVIN AUGUSTINE, | |
| 11 | Plaintiff, | No. CIV S-03-1319 GEB KJM P |
| 12 | vs. | |
| 13 | JEFF NEVES, et al., | |
| 14 | Defendants. | ORDER |
| 15 | _____/ | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed November 15, 1006, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

/////

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The amended complaint stems from events which occurred when plaintiff was a pretrial detainee at El Dorado County Jail and names as defendants El Dorado County Sheriff Neves, correctional officer McTurnan, and ten Does.

Plaintiff alleges that defendant McTurnan searched plaintiff's legal mail and legal work, relating to his then pending criminal case and several civil and habeas actions against the jail. He then forced plaintiff to read aloud from the materials because McTurnan had difficulty reading plaintiff's handwriting. Amended Complaint (Am. Compl.) at 6-8. Plaintiff characterizes this incident as a violation of the Eighth Amendment because it shows a deliberate indifference to his federally protected rights and a violation of his Fourth Amendment right to be free of illegal searches.

| | |
|---|---|
| 1 | Plaintiff's reliance on the Eighth Amendment deliberate indifference standard |
| 2 | does not advance his claim, for it applies to conditions of confinement of convicted inmates, not |
| 3 | pretrial detainees. <u>See</u> <u>Hydrick v. Hunter</u>, 466 F.3d 676, 696 (9th Cir. 2006). Moreover, a |
| 4 | pretrial detainee has few, if any, Fourth Amendment protections. <u>Mitchell v. Dupnik</u>, 75 F.3d |
| 5 | 517, 522 (9th Cir. 1996) (detainee has no reasonable expectation of privacy in cell; no Fourth |
| 6 | Amendment violation when inmate not present during search of legal materials). However a |
| 7 | claim of interference with legal mail may implicate a pretrial detainee's First Amendment right |
| 8 | of access to the courts or right to correspond with counsel. <u>Davis v. Goord</u>, 320 F.3d 346, 351 |
| 9 | (2d Cir. 2003); <u>but see</u> <u>Sherman v. MacDougall</u>, 656 F.2d 527 (9th Cir 1981) (open question |
| 10 | whether inspection of legal correspondence states a claim). Plaintiff will be given a final |
| 11 | opportunity to amend this portion of the complaint. |
| 12 | Plaintiff alleges that he vowed to file a state habeas petition based on this |
| 13 | incident, that he thereafter prepared such a petition, but that it never reached El Dorado County |
| 14 | Superior Court. He believes that someone at the jail removed the petition from the outgoing |
| 15 | mail. Neither in the original complaint nor in this amended version, however, is plaintiff able to |
| 16 | offer more than his speculation that someone at the jail interfered with the petition. This should |
| 17 | not be included in an amended complaint. |
| 18 | In the body of the complaint plaintiff refers only in passing to his placement in |
| 19 | administrative segregation. <u>See</u> Am. Compl. at 5. However, when he lists his claims, he |
| 20 | includes an Eighth Amendment claim for his segregated placement. <u>Id</u>. at 10. A pretrial |
| 21 | detainee has a right to due process of law before being placed in disciplinary confinement, but |
| 22 | the nature of plaintiff's challenge to his segregated confinement is not clear from the conclusory |
| 23 | allegations. <u>Mitchell</u>, 75 F.3d at 524. |
| 24 | If plaintiff chooses to file a second amended complaint, plaintiff must |
| 25 | demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's |
| 26 | constitutional rights. <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). Also, the second |

1 amended complaint must allege in specific terms how each named defendant is involved.  There
2 can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection
3 between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362
4 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,
5 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in
6 civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.
7 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

/////
/////
//////
/////
/////
/////
/////
/////
/////
/////
/////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3. The Clerk of the Court is directed to send plaintiff the form for a civil rights action by a prisoner.

DATED: April 13, 2007.

_____
U.S. MAGISTRATE JUDGE

2
augu1319.14amd