IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN AUGUSTINE,

        Plaintiff,                    No. CIV S-03-1319 GEB KJM P

    vs.

JEFF NEVES, et al.,

        Defendants.            <u>ORDER</u>

                                             /

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed July 13, 2007, plaintiff's complaint was dismissed with leave to file a second amended complaint. Plaintiff has now filed an amended complaint.

        As previously noted, he court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

/////

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, _ U.S. _, 126 S.Ct. 1955, 1964-65 (2007). A complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, _ U.S. _, 127 S.Ct. 2197 (2007). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

I. Denial Of Access To The Courts

Plaintiff alleges that defendant McTurnan compelled plaintiff to read aloud from his legal notes about the jail's failure to provide him with adequate medical care, while defendant Rath listened. He claims that these actions interfered with his right of access to the courts to seek redress for the denial of medical care.

These allegations fail to state a claim. An inmate has a constitutionally protected right of meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 820-21 (1977). To prevail, however, it is not enough for an inmate to show some sort of denial: he must also show

"actual injury." Lewis v. Casey, 518 U.S. 343, 351 (1996). Plaintiff has made no showing that McTurnan's and Rath's actions, however questionable, had any impact on his ability to litigate his actions stemming from the claimed denial of medical care.

II. Denial Of Medical Care

As noted in the order of the November 15, 2006, these claims were the subject of Augustine v. Neves, Civ. No. S-03-0990 GEB KJM P, which was dismissed after a determination that plaintiff had previously litigated these claims in the El Dorado County Superior Court. Id., Docket Nos. 38 & 42. Plaintiff was directed not to include them in his amended complaint. Should plaintiff include these claims in a further amended complaint, the court will recommend that the action be dismissed.

III. Administrative Segregation

Plaintiff alleges that he was subjected to punishment by being housed in administrative segregation for fourteen months. A pretrial detainee has a liberty interest in remaining free of segregated confinement. Sandin v. Connor, 515 U.S. 472, 483 (1995); Bell v. Wolfish, 441 U.S. 520, 535 (1979).

It is not clear from plaintiff's complaint whether he was placed in segregation for disciplinary purposes; such placement is proper if preceded by a due process hearing. Mitchell v. Dupnik, 75 F.3d 517, 524 (9th Cir. 1996). It is also not clear from plaintiff's complaint that any conditions of administrative segregation were so severe as to amount to punishment. He will be given one last chance to amend his complaint, if he is able to while complying with Federal Rule of Civil Procedure 11.

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the

amended complaint must be dismissed. The court will, however, grant leave to file a third amended complaint.

If plaintiff chooses to file a third amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the third amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's third amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a third amended complaint, the original pleading no longer serves any function in the case. Therefore, in a third amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's August 10, 2007 amended complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, the Local Rules of Practice and this order; the third amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint"; plaintiff must file an original and two copies of the third amended complaint; failure

1 | to file a third amended complaint in accordance with this order will result in a recommendation
2 | that this action be dismissed.
3 |     3. The Clerk of the Court is directed to send plaintiff the form for a civil rights
4 | action by a prisoner.
5 | DATED: December 5, 2007.

_____
U.S. MAGISTRATE JUDGE

2
augu1319.14x2